UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, RICHARD D. COX, DAN DOSENBACH, JASON PARADIS, and GENEROSO DEL ROSARIO<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>     **Plaintiffs,**<br>  v.<br><br>HARI 108 LLC d/b/a ILLINOIS VALLEY FOOD & DELI<br>235 Third Street<br>LaSalle, IL 61301<br><br>Serve: Sanjay Amin<br>   1323 Lazy Hollow Court<br>   Naperville, IL 60565<br><br>     **Defendant** | Case No. 1:20-cv-4071 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Hari 108 LLC d/b/a Illinois Valley Food & Deli Inc. ("Illinois Valley" or "Defendant") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for withdrawal

liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Jurisdiction also exists over Plaintiffs' breach of contract claim pursuant to 28 U.S.C. § 1367 because it is so related to the claim that arises under ERISA that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

5. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

6. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, Richard D. Cox, Jason Paradis, Dan Dosenbach, and Generoso Del Rosario are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

7. Defendant Illinois Valley is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting

commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Illinois Valley is a limited liability company organized under the laws of the State of Illinois with a principal place of business in LaSalle, Illinois.

## Governing Documents

8. At all times relevant to this action, Illinois Valley employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 1546 ("Local 1546"), a labor organization representing employees in an industry affecting interstate commerce.

9. At all times relevant to this action, Illinois Valley was bound by Collective Bargaining Agreements ("CBAs") obligating Illinois Valley to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

10. Under the CBAs, Illinois Valley agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Illinois Valley to submit monthly pension contributions to the Fund.

11. Illinois Valley was also party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Illinois Valley to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

## Factual Allegations

12. On August 8, 2019, the Fund filed suit against Illinois Valley in this Court in a case styled *United Food and Commercial Workers International Union-Industry Pension Fund v. Hari 108 LLC d/b/a Illinois Valley Food & Deli*, Case No. 1:19-CV-05348 ("Prior Litigation").

3

13. On or about January 30, 2020, the parties entered into an agreement settling the Prior Litigation ("Settlement Agreement").

14. As part of the Settlement Agreement, the Fund agreed to suspend the liquidated damages in the amount of $149.35 and attorneys' fees in the amount of $2,097.00 incurred in the Prior Litigation. The Fund agreed to dismiss the Prior Litigation without prejudice to re-filing in the event there are delinquencies that Illinois Valley refuses to pay.

15. The Settlement Agreement further provided that if the Fund commences an action on a delinquency under ERISA within 24 months of the effective date of the Settlement Agreement, Plaintiffs shall be entitled to include in that action the suspended attorneys' fees and liquidated damages. The Fund must provide written notice of the delinquency and allow Illinois Valley five business days to cure before filing a suit that includes the suspended amounts.

16. The Fund determined that in the Plan Year ended June 30, 2018, Illinois Valley effected a "partial withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383 ("2018 Partial Withdrawal").

17. The Fund determined that as a result of the 2018 Partial Withdrawal, Illinois Valley incurred withdrawal liability to the Fund in the amount of $109,516.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18. The Fund also determined that in the Plan Year ended June 30, 2019, Illinois Valley effected a "partial withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383 ("2019 Partial Withdrawal").

19. The Fund determined that as a result of the 2019 Partial Withdrawal, Illinois Valley incurred withdrawal liability to the Fund in the amount of $98,118.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

20. On or about January 3, 2020, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

21. This Notice and Demand for payment informed Illinois Valley that its total withdrawal liability from the 2018 Partial Withdrawal and 2019 Partial Withdrawal was $207,634.00, payable in 80 quarterly installments of $3,351.00. The Notice and Demand stated the first quarterly payment for both partial withdrawals was due on February 1, 2020.

22. Illinois Valley failed to make its quarterly payments due on February 1, 2020 and May 1, 2020.

23. By letter dated June 29, 2020, the Fund notified Illinois Valley that, by failing to make its quarterly withdrawal liability installment payments, it was in breach of its obligation to remain current on its payments to the Fund under the Settlement Agreement and demanded payment of the delinquent amounts within five business days.

24. More than five business days have passed and, as of the date of filing, Illinois Valley has not paid the amounts owed. Accordingly, Illinois Valley is in breach of the Settlement Agreement.

25. Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations.

26. The Fund has determined Illinois Valley to be in immediate default because there is a substantial likelihood it will be unable to satisfy its withdrawal liability obligations, given that the Defendant failed to pay the February 1, 2020 and May 1, 2020 quarterly payment, breached the Settlement Agreement and failed to cure within the allotted time. Therefore, because Illinois

Valley is in default, the entire amount of the withdrawal liability, plus accrued interest, is due and owing under Section 4219(C)(5)(A) of ERISA, 29 U.S.C § 1399(C)(5)(a).

27. Neither Illinois Valley nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

## COUNT I: WITHDRAWAL LIABILITY

28. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

29. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

30. Illinois Valley is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

31. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is liable for withdrawal liability in the amount of $207,634.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $41,526.80 and attorneys' fees and costs incurred by the Fund in pursuing this action.

## COUNT II: BREACH OF CONTRACT

32. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

33. Under the terms of the Settlement Agreement, Illinois Valley is obligated to make timely payments to the Fund of all obligations for a period of 24 months, in exchange for the suspension of liquidated damages and attorneys' fees.

34. Illinois Valley failed to make its quarterly withdrawal liability installment payments due on February 1, 2020 and May 1, 2020 and failed to cure within the time allotted by the Settlement Agreement.

35. Accordingly, Illinois Valley has breached the Settlement Agreement and is therefore liable for liquidated damages in the amount of $149.35 and attorneys' fees in the amount of $2,097.00 incurred in the Prior Litigation.

### Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

(a) Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $207,634.00 in withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $41,526.80 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(4) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(b) Enter judgment against Defendant and in favor of Plaintiffs for breach of the Settlement Agreement for liquidated damages in the amount of $149.35 and attorneys' fees in the amount of $2,097.00 incurred in the Prior Litigation;

(c) Retain jurisdiction of this case pending compliance with its Orders; and

(d) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: July 10, 2020

Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20858118v1

8